UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| KENNETH B. LIFFMAN | : | CASE NO. 1:18-CV-882 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 4, 18] |
| ORANGETREE PROPERTIES, LLC, et al., | : | |
| Defendants. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Kenneth B. Liffman brings this interpleader action under 28 U.S.C. § 1335. He asks the Court, among other things, to determine the distribution of life insurance policy proceeds among Defendant claimants.[1] All of the Defendants, except for Defendant Orangetree Properties, LLC, move for the Court to abstain from this interpleader action, or alternatively to deny Plaintiff's request to stay parallel state court proceedings.[2]

As an initial matter, the Court has subject matter jurisdiction over Plaintiff's interpleader action under Section 1335.[3] First, Plaintiff Liffman is a trustee for Orangetree Properties LLC Insurance Trust, which allegedly owns the insurance policy at issue (Policy No. 207099228 US issued by MetLife Insurance Company USA) (the "Policy").[4] Plaintiff Liffman asks the Court to determine the interests and/or claims of the Defendants to the Policy's proceeds and seeks to deposit the proceeds with the Court.[5] Second, the amount of the Policy's proceeds exceeds $500.[6] And lastly, there is minimal diversity among the claimants.[7]

---

[1] Doc. 1.
[2] Doc. 4.
[3] See 28 U.S.C. § 1335 (requiring that (a) the money or property in dispute exceeds $500; (b) two or more adverse claimants are of diverse citizenship (minimal diversity); and (c) the plaintiff deposit the money at issue with the Court).
[4] Doc. 1 at 1, ¶ 4.
[5] Id. at 4.
[6] The sum of the insurance policy proceeds is $5,043,739.22. Doc. 1 at ¶ 6.
[7] Orangetree Properties, LLC, David S. Munsell, Leslie S. Munsell, and Daniel Munsell are located in Ohio; Premier Trust, Inc. is located in Nevada; Jason I. Munsell is located in Georgia; and Mitchell S. Munsell is located in Illinois. Id. at 1-2.

Case No. 1:18-cv-882
Gwin, J.

Defendants nevertheless argue that the Court should abstain from exercising its jurisdiction in this federal interpleader action.[8] Defendants' main argument for abstention is that there is a pending state court action among most of the parties concerning Plaintiff Liffman's breach of a fiduciary duty with respect to the Policy's distribution.[9] In that action, the moving Defendants argue that they are entitled to the Policy's proceeds.[10] The parties dispute whether *Colorado River* or *Wilton* abstention applies.[11]

The Court finds that the *Wilton* abstention doctrine applies in this case. *Wilton* abstention permits Courts to abstain from deciding a declaratory judgment action in favor of a parallel pending state court litigation.[12] *Wilton* gives more discretion to federal courts to abstain in declaratory judgment cases because federal courts are not required to exercise jurisdiction under the Declaratory Judgment Act.[13]

As the Sixth Circuit has not directly addressed what doctrine should apply to interpleader actions but has likened interpleader actions to declaratory judgments,[14] the Court will apply the *Wilton* doctrine to this interpleader action.[15]

The Court considers five factors in determining whether to abstain under *Wilton*:

(1) whether this action would settle the controversy;
(2) whether this action would serve a useful purpose in clarifying the legal relations in issue;
(3) whether this remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"
(4) whether the use of this action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and
(5) whether there is an alternative remedy which is better or more effective.[16]

---

[8] Doc. 4.
[9] *Id.* at 5-8.
[10] *See* Doc. 4-1.
[11] Doc. 4 at 5; Doc. 14 at 5-6; Doc. 16 at 6-7.
[12] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).
[13] *Id.* at 283.
[14] *Bell & Beckwith v. U.S., I.R.S.*, 766 F.2d 910, 914 (6th Cir. 1985).
[15] *See NYLife Distribs., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 379-82 (3d Cir. 1995) (applying *Wilton* standard, rather than *Colorado River* standard, to interpleader action since Section 1335 provides remedial relief and Congress did not intend to create a duty in district courts to exercise jurisdiction under the statute).
[16] *Grand Trunk W. R.R. Co. v. Consol. Rail Co.,* 746 F.2d 323, 326 (6th Cir.1984).

To start, the third factor weighs against exercising jurisdiction. It appears that Plaintiff Liffman is engaging in some procedural fencing by filing this interpleader action. Plaintiff filed this action five months after the state court action was filed and only two days before he was to be deposed.[17] Plaintiff also asked for a stay in the state court action in light of this federal interpleader action, which the state court granted.[18] Plaintiff Liffman's race to this federal courthouse suggests Liffman is engaged in forum shopping, or procedural fencing.[19]

Nevertheless, the other four factors weigh in favor of exercising jurisdiction.

To start, this federal interpleader action would serve a useful purpose in clarifying the legal relations in issue. In particular, this interpleader action will help determine the moving Defendants' Policy entitlement rights in connection with other claimants who are not parties to the state court litigation.[20] As a result, this federal interpleader action could likely also help settle the main controversy at issue in this federal action and in the state court action — whether the moving Defendants are entitled to the Policy proceeds in the first place.[21]

Furthermore, the state court has already stayed its case until this federal interpleader action is resolved.[22] As a result, this action would not increase friction between federal and state courts. And there does not appear to be a better alternative remedy to this federal interpleader action.

The Court therefore **DENIES** Defendants' motion for abstention. As the state court has already stayed its case until this federal interpleader action is resolved, the Court **DENIES AS MOOT**

---

[17] *See* Doc. 4 at 7; Doc. 4-3 (Liffman's deposition notice in state case for April 20, 2018).
[18] Docs. 4-4, 4-5, 18-1.
[19] *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 761 (6th Cir. 2014) (defining procedural fencing as including forum shopping).
[20] The parties who are not part of the state court litigation are: Defendant Orangetree Properties, LLC and Defendant David S. Munsell as Trustee for the Mark R. Munsell Irrevocable Demand Trust Agreement. *Compare* Doc. 1, *with* Doc. 4-1.
[21] *See* Docs. 1 , 4-1.
[22] Doc. 18-1.

Case No. 1:18-cv-882
Gwin, J.

Defendants' alternative motion to deny Plaintiff's requested stay of the state court proceedings.[23]

    IT IS SO ORDERED.

Dated: May 23, 2018                               *s/       James S. Gwin*
                                                                 JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE

---

[23] The Court also **GRANTS** Plaintiff's motion to correct and supplement the record.