UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KENNETH B. LIFFMAN, *Individually, as Trustee for the Orangetree Properties, LLC Insurance Trust, and as Trustee for the Kenneth B. Liffman Revocable Trust,* | : : : : : : : | CASE NO. 1:18-CV-882 |
| Plaintiff, | : : : : | ORDER OF DEPOSIT AND INVESTMENT OF 28 U.S.C. § 1335 INTERPLEADER FUNDS [Resolving Docs. 42, 47] |
| vs. | : : : | |
| ORANGETREE PROPERTIES, LLC, *et al.*, | : : : : | |
| Defendants. | : : : : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Kenneth B. Liffman, individually, as Trustee for Orangetree Properties, LLC

Insurance Trust, and as Trustee for Kenneth B. Liffman Revocable Trust, brings this 28 U.S.C.

§ 1335 interpleader action.[1]

At the time of his death, MetLife Insurance Company USA insured Mark R. Munsell under a

life insurance policy ("Policy").[2] Orangetree Properties, LLC Insurance Trust ("Orangetree

Insurance Trust") submitted a claim for the payment of the insurance proceeds after Munsell's

death, and Metlife paid Orangetree Insurance Trust life insurance benefits of $5,043,739.22.[3] This

interpleader action concerns the distribution of the life insurance policy proceeds.

On August 10, 2018, the Munsell Defendants[4] moved to compel Plaintiff to deposit the

---

[1] Doc. 33.

[2] *Id.* ¶ 4.

[3] *Id.* ¶¶ 5–6.

[4] Daniel Munsell; David S. Munsell, Individually, as Trustee for the Declaration and Restatement of Trust of Mark R. Munsell of July 18, 2008, and as Parent and Guardian of other S.M. and other E.M.; Jason I. Munsell; Leslie S. Munsell, Individually and as Parent and Guardian of other M.M.; Mitchell S. Munsell; and Premier Trust, Inc., as Trustee for the Mark R. Munsell Irrevocable Demand Trust Agreement.

$5,043,739.22 at issue into the Court registry or to post bond, or alternatively to dismiss the interpleader claim.[5]  On August 20, 2018, Plaintiff moved the Court for an order authorizing the deposit of interpleader funds in the amount of $4,865,625.47.[6]

The interpleader statute requires Plaintiff—as the stakeholder—to either deposit the interpleader funds into the Court registry, or give a bond to the clerk of court in an amount sufficient to ensure compliance with any future order or judgment.[7]  In this district, Local Civil Rule 67.1 gives the procedure for doing so.  This Local Rule requires § 1335 stakeholders to obtain the appropriate courthouse deputy's approval of a proposed order for the deposit of interpleader funds, based on the sample in Appendix D-2, and then file a motion and that proposed order with the court.

Interpleader actions benefit the stakeholder.  These actions "prevent[] the stakeholder from being obliged to determine at his peril which claimant has the better claim," and "protect[] the stakeholder from the vexation of multiple suits and the possibility of multiple liability that could result from adverse determinations in different courts."[8]

In exchange for potentially inconveniencing claimants served under a nationwide-process provision, the deposit or bond-posting requirement ensures that the property's disposition is effective.[9]  The same is true of the requirement that the amount deposited or posted be at least as great as the amount claimants claim, or may claim, to be entitled to.[10]

In this case, that amount is $5,043,739.22.  Plaintiff has represented that Defendants may

---

[5] Doc. 42.  Plaintiff Liffman opposes.  Doc. 52.  Munsell Defendants reply.  Doc. 54.

[6] Doc. 47.  Munsell Defendants partially oppose.  Doc. 48.  Plaintiff Liffman replies.  Doc. 52.

[7] *See* 28 U.S.C. § 1335(a)(2).

[8] 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1702 (3d ed.) (footnotes omitted).

[9] *See id.* § 1716.

[10] *See, e.g.*, *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 210 (3d Cir. 1999) ("The stakeholder invoking interpleader must deposit the largest amount for which it may be liable in view of the subject matter of the controversy."); *Kirk Excavating & Constr., Inc. v. AYS Oilfield*, No. 2:14-CV-2097, 2015 WL 6361667, at *8 (S.D. Ohio Oct. 22, 2015) ("[A] number of courts, including district courts in this circuit, have concluded that the stakeholder must deposit the highest amount for which it may be liable.").  *See also* Wright et al., *supra*, § 1716 ("As a general rule, the stakeholder must deposit or post a bond in an amount equal to the largest claim.").

claim the entire $5,043,739.22 of the policy proceeds,[11] and Munsell Defendants do in fact claim

this amount.[12]  Thus, there is no reason to require any lesser amount.

Plaintiff is hereby ordered to deposit $5,043,739.22 into the registry of the Court.

Plaintiff sought to deposit only $4,865,625.47.[13]  The Court rejects this effort and requires

that Plaintiff submit the total amount that seems at issue.

In response to Plaintiff's motion to deposit interpleader funds meeting the IRS definition of a

"disputed ownership fund" (DOF) as defined under 28 U.S.C § 1335 into the registry of the Court,

said funds shall be held in interest-bearing Government Account Series securities via the Court

Registry Investment System (CRIS) administered by the Administrative Office of the United States

Courts; it is therefore,

**ORDERED** that the Clerk accept and deposit into the registry of the Court the deposit made

by Plaintiff Kenneth B. Liffman, as Trustee for the Orangetree Properties, LLC Insurance Trust, in

this cause of action in the amount of $5,043,739.22; it is further

**ORDERED** that the Clerk promptly and properly invest those funds into CRIS Disputed

Ownership Fund. Income generated from the fund investments will be reduced by an annualized

20 basis points on assets on deposit for funds held in DOF, for the management of investments in

the CRIS. According to the Court's Miscellaneous Fee Schedule, the CRIS fee is assessed from

interest earnings to the pool before a pro rata distribution of earnings is made to court cases.

IT IS SO ORDERED.


Dated:  September 20, 2018                          s/          James S. Gwin
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[11] Plaintiff, in the Amended Complaint, clearly states that "[e]ach of the Defendants, in their various capacities, have an interest in and/or may be entitled to receive some or all of the Policy's proceeds," Doc. 33 ¶ 10, i.e. the $5,043,739.22 amount from the MetLife proceeds payment.

[12] *See* Doc. 53 at 14 (requesting that the proceeds from the Policy in the amount of $5,043,739.22 be recovered and returned to the Munsell Irrevocable Trust).

[13] *See* Doc. 47.